1
2
3                      **UNITED STATES DISTRICT COURT**
4                      **NORTHERN DISTRICT OF CALIFORNIA**
5                              **SAN JOSE DIVISION**
6

| | |
|---|---|
| BRENT OSTER, KATHIA OSTER/PORTUGUEZ (Involuntary Plaintiff), <br>                    Plaintiff, <br> v. <br><br> STATE OF CALIFORNIA, ATTORNEY GENERAL OF CALIFORNIA, SUPERIOR COURT OF CALIFORNIA, SANTA CLARA SUPERIOR COURT, SANTA CLARA FAMILY JUSTICE CENTER, JUDGE BETH MCGOWAN, JUDGE JULIE EMEDE, JUDGE THOMAS KUHNLE, TEMP JUDGE SHARON ROPER, COMMISSION ON JUDICIAL PERFORMANCE, STATE BAR OF CALIFORNIA, COUNTY OF SANTA CLARA, SANTA CLARA COUNTY SHERIFF'S OFFICE, SOUTH COUNTY CRIMINAL COURT, DOE 1-5, CRIMINAL COURT JUDGES, SANTA CLARA COUNTY DISTRICT ATTORNEY, MURAT OZGUR (DA PROSECUTOR), DOE 10-19, DA PROSECUTORS, <br>                    Defendants. | Case No. 20-cv-07828-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> [Re: ECF 14, 15] |

United States District Court
Northern District of California

Before the Court are Defendants' Motions to Dismiss. ECF 14, 15. The Court has determined that the motions are appropriate for decision without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing on the motions scheduled for June 3, 2021, is VACATED. Based on the reasons stated below, the Court GRANTS the motions WITH LEAVE TO AMEND IN PART.

**I. BACKGROUND**

Plaintiff Brett Oster ("Plaintiff") filed the instant complaint on November 5, 2020. *See* Complaint ("Compl."), ECF 1. In his Complaint, Plaintiff alleges violations of 42 U.S.C. § 1983 by the State of California ("State"), Attorney General of California, Superior Court of California, Santa Clara Superior Court, Santa Clara Family Justice Center, Judge Beth McGowan, Judge Julie Emede, Judge Thomas Kuhnle, Judge Sharon Roper, the Commission on Judicial Performance, and the State Bar of California (collectively, the "State Defendants") and the County of Santa Clara ("County"), Santa Clara County Sherriff's Office, South County Criminal Court, Does 1-5, Criminal Court Judges, Santa Clara County District Attorney, Murat Ozgur, Does 10-19, and DA Prosecutors (collectively, the "County Defendants") for the actions of (1) aiding and abetting in crimes against Plaintiff, (2) a general violation of Plaintiff's constitutional rights, (3) violations of Plaintiff's Fourteenth Amendment rights, (4) violations of Plaintiff's Fourth Amendment rights, (5) violations of Plaintiff's Sixth Amendment rights, (6) violations of Plaintiff's Eighth Amendment rights, (7) violations of Plaintiff's Second Amendment rights, (8) violations of the Supremacy Clause, (9) failure by the State and County Defendants to adequately screen, train, and supervise, and (10) creation of a policy by the State and County Defendants which allowed the violation of Plaintiff's constitutional rights.[1] Compl. ¶¶ 160-214. Plaintiff's claims arise largely out of the State and County Defendants' involvement in Plaintiff's divorce proceedings against his former wife, Kathia Oster, whom Plaintiff has named as an involuntary plaintiff in this action. *Id.* ¶¶ 23-27. Plaintiff takes specific issue with the domestic violence restraining order ("DVRO") which was issued against Plaintiff, the State's subsequent prosecution of Plaintiff for his violation of the DVRO, and the financial consequences of Plaintiff's divorce such as the forced sale of Plaintiff's house. *Id.*

On January 8, 2021, the County filed a motion to dismiss Plaintiff's claims against the County for (1) failure to properly assert *Monell*[2] liability, (2) lack of standing to pursue malicious

---

[1] Plaintiff brings Claims One through Seven and Nine through Ten against the State Defendants and Claims One through Ten against the County Defendants. Compl. ¶¶ 160-214
[2] *Monell v. Dep't of Soc. Servs. Of the city of New York*, 436 U.S. 658 (1978).

prosecution claims, and (3) prosecutorial immunity. *See* County's Mot. to Dismiss ("County's Mot.") 5-6, ECF 14. On January 11, 2021, the State submitted a motion to dismiss Plaintiff's claims against the State and the Commission on Judicial Performance on the basis that the claims lack subject-matter jurisdiction because they are (1) unripe, (2) barred by the *Rooker-Feldman* doctrine[3], and (3) barred by Eleventh Amendment immunity. *See* State's Mot. to Dismiss ("State's Mot.") 4-7, ECF 15.

On January 28, 2021, Plaintiff filed his opposition, arguing that the forced sale of his home constituted "ripe" monetary damages. *See* Opposition ("Opp'n.") ¶¶15-16, ECF 18. The County filed its reply on January 29, 2021. *See* County's Reply to Opp'n. ("County's Reply"), ECF 17. The State filed its reply on February 11, 2021. *See* State's Reply to Opp'n. ("State's Reply"), ECF 19.

**II. LEGAL STANDARD**

**A. Federal Rule of Civil Procedure 12(b)(1)**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, a federal court has an independent obligation to insure that it has subject matter jurisdiction over a matter. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(1), which challenges a court's subject matter jurisdiction over a claim, the burden is on the plaintiff, as the party asserting jurisdiction, to establish that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377. A facial jurisdictional challenge, as advanced here, asserts that even if assumed true, "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**B. Federal Rule of Civil Procedure 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

---

[3] The doctrine is named after *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283 (2005).

*Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III. DISCUSSION**

   **A. Unserved Parties**

Plaintiff filed his complaint against a long list of parties. With the exception of the State of California and the County of Santa Clara, there is no proof that Plaintiff served any of these Defendants. ECF 2. And the two motions to dismiss before the Court now concern only Plaintiff's claims against the State of California, the Commission on Judicial Performance, and the County of Santa Clara. *See* County's Mot. at 1 ("The Court should dismiss Plaintiff Brent Oster's claims against the County of Santa Clara"); State's Mot. at 1 ("Defendants State of California and the Commission on Judicial Performance, an independent state agency, will and do move under Federal Rule of Civil Procedure 12(b)(1) to dismiss with prejudice Plaintiff's complaint"). This Order does not have bearing on any other Defendant. See *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4"). The Court concurrently issues an Order to Show Cause for Failure of Effect Service of Process on the remaining Defendants.

   **B. County Claims**

The County argues that Plaintiff fails to properly assert municipal liability against the County under *Monell.* County's Mot. 4-5. Plaintiff does not contest this in his Opposition. *See generally,* Opp'n. The Court agrees with the County.

4

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell*, 436 U.S. at 690 (2018). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks, citation, and alterations omitted).

Plaintiff's claims against the County attempt to establish liability under *Monell* by alleging that the County has created a policy that violates Plaintiff's constitutional rights and that the County failed to adequately screen, train, and supervise its employees, which allowed further violation of Plaintiff's constitutional rights. *See* Compl. ¶¶ 41, 42, 78, 92, 97, 162-64. For example, Plaintiff alleges that "[the County] and their leadership are policymakers whose deliberate choices representing official policy – that was a cause of, and a moving force behind the violation of Plaintiff[']s Constitutional rights." Compl. ¶ 41. Such recitations, without additional factual allegations as to the nature of the policy or the failure to establish training systems, are insufficient to plead a *Monell* claim. *See Dougherty*, 654 F.3d at 900. To the extent that Plaintiff attempts to plead that an alleged County policy encourages courts to ignore crimes that occur during a divorce proceeding, Plaintiff fails to allege any facts demonstrating that the policy exists or that the County is actually responsible for promulgating this policy. *See* Compl. ¶ 69. Plaintiff has not sufficiently alleged liability under *Monell* and his claims against the County are DISMISSED WITH LEAVE TO AMEND, if Plaintiff is able to plead with sufficient specificity the County's policy. Plaintiff must also allege sufficient facts to support an underlying constitutional violation, which appear to be absent from the current complaint. The Court specifically highlights the County's argument that absent acquittal or dismissal of the pending criminal charges against Plaintiff, Plaintiff is barred from asserting these claims against County Defendants. *See Heck v. Humphrey*, 512 U.S. 477 (1994); County's Mot. 5-6.

**B. State Defendants**

1   The State argues that claims against the State and the Commission of Judicial Performance are barred by Eleventh Amendment immunity. State's Mot. 6-7. Plaintiff does not contest this in his Opposition. *See generally,* Opp'n. The Court agrees with the State.

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotation marks and citation omitted). The Eleventh Amendment is inapplicable when the plaintiff can establish that the State waived its immunity or Congress has exercised its power under the Fourteenth Amendment to override the immunity set forth in the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Here, Plaintiff brings all claims under section 1983. *See* Compl. ¶ 1. The State has not waived its Eleventh Amendment immunity as to claims brought under section 1983. *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations omitted). The Court has held that "[section] 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985). Accordingly, Plaintiff's claims against the State are barred by the Eleventh Amendment and are DISMISSED WITHOUT LEAVE TO AMEND.

The Eleventh Amendment similarly applies for claims brought under section 1983 to the Commission on Judicial Performance, which is an agency of the state. *See Belssner v. Circle Dental*, No. EDCV20631FMOPJW, 2020 WL 2572462, at *1 (C.D. Cal. May 21, 2020), appeal dismissed, No. 20-55708, 2020 WL 6038324 (9th Cir. Sept. 18, 2020) ("As to . . . the State Commission on Judicial Performance, Plaintiff cannot state a claim against them under § 1983 because they are entitled to immunity under the Eleventh Amendment."). As such, Plaintiff's claims against the Commission on Judicial Performance are barred and DISMISSED WITHOUT LEAVE TO AMEND.

**C. Involuntary Plaintiff Kathia Oster/Portuguez**

Oster filed his complaint on behalf of himself and his ex-wife Kathia Oster/Portuguez. Compl. ¶¶ 1, 5. The Court is not aware of any caselaw that would permit Oster to involuntarily bring this case on behalf of his ex-wife. The Court STRIKES all claims related to Kathia

6

Oster/Portugeuz. If Oster would like to join Kathia Oster/Portugeuz as a party, he must move to join her as an involuntary plaintiff pursuant to Fed. R. Civ. P. 19(a)(2). *See* State's Mot. 1, n.1. Insofar as Oster is not an attorney, he may not represent her.

\*\*\*

Plaintiff SHALL file an amended complaint consistent with this Order **no later than May 24, 2021**. Plaintiff may not add parties or claims without leave of the Court.

**IT IS SO ORDERED.**

Dated: April 26, 2021

_____
BETH LABSON FREEMAN
United States District Judge