**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRENT OSTER, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>COUNTY OF SANTA CLARA, et al.,<br>　　　　　Defendants. | Case No. 20-cv-07828-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 33] |

Before the Court is the County of Santa Clara's Motion to Dismiss. Mot., ECF 33. The Court has determined that this motion is appropriate for decision without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing on the motion scheduled for October 28, 2021, is VACATED. Based on the reasons stated below, the Court GRANTS the motion WITHOUT LEAVE TO AMEND.

**I.     BACKGROUND**

Plaintiff Brett Oster ("Plaintiff") filed the instant complaint on November 5, 2020. *See* Complaint ("Compl."), ECF 1. In his Complaint, Plaintiff alleged violations of 42 U.S.C. § 1983 by the State of California ("State"), Attorney General of California, Superior Court of California, Santa Clara Superior Court, Santa Clara Family Justice Center, Judge Beth McGowan, Judge Julie Emede, Judge Thomas Kuhnle, Judge Sharon Roper, the Commission on Judicial Performance, and the State Bar of California (collectively, the "State Defendants") and the County of Santa Clara ("County"), Santa Clara County Sherriff's Office, South County Criminal Court, Does 1-5, Criminal Court Judges, Santa Clara County District Attorney, Murat Ozgur, Does 10-19, and DA Prosecutors (collectively, the "County Defendants") for the actions of (1) aiding and abetting in crimes against Plaintiff, (2) a general violation of Plaintiff's constitutional rights, (3) violations of Plaintiff's Fourteenth Amendment rights, (4) violations of Plaintiff's Fourth Amendment rights, (5) violations

of Plaintiff's Sixth Amendment rights, (6) violations of Plaintiff's Eighth Amendment rights, (7) violations of Plaintiff's Second Amendment rights, (8) violations of the Supremacy Clause, (9) failure by the State and County Defendants to adequately screen, train, and supervise, and (10) creation of a policy by the State and County Defendants which allowed the violation of Plaintiff's constitutional rights. Compl. ¶¶ 160-214. Plaintiff's claims arise largely out of the State and County Defendants' involvement in Plaintiff's divorce proceedings against his former wife, Kathia Oster, whom Plaintiff has named as an involuntary plaintiff in this action. *Id.* ¶¶ 23-27. Plaintiff takes specific issue with the domestic violence restraining order ("DVRO") which was issued against Plaintiff, the State's subsequent prosecution of Plaintiff for his violation of the DVRO, and the financial consequences of Plaintiff's divorce such as the forced sale of Plaintiff's house. *Id.*

On April 26, 2021, the Court dismissed with prejudice Oster's claims against the State of California and dismissed without prejudice Oster's claims against the County of Santa Clara. MTD Order at 5-6, ECF 25. On June 2, 2021, the Court dismissed without prejudice Oster's claims against the Attorney General of California, the Superior Court of California, Santa Clara Superior Court, Santa Clara Family Justice Center, Judge Beth McGowan, Judge Julie Emede, Judge Thomas Kuhnle, Judge Sharon Roper, the State Bar of California, Santa Clara County Sherriff's Office, South County Criminal Court, Does 1-5, Criminal Court Judges, Santa Clara County District Attorney, Murat Ozgur, Does 10-19, and the DA Prosecutors for failure to effect service of process within the time specified by Fed. R. Civ. P. 4(m) and for failure to prosecute. ECF 31. On July 22, 2021, the Court dismissed without prejudice Oster's claims against the City of Gilroy, the City of Sunnyvale, the Law Firm of Hector Moreno, the Moreno Family Law firm, and the Gomez Edwards Law Group for failure to effect service of process within the time specified by Fed. R. Civ. P. 4(m) and for failure to prosecute. ECF 36.

On May 24, 2021, Oster filed an amended complaint. First Amended Complaint ("FAC"), ECF 28. On June 3, 2021, the County of Santa Clara moved to dismiss the FAC arguing that it was "materially identical to [the] initial complaint, which the Court dismissed for failure to state a claim. Accordingly, Oster's FAC necessarily fails to pass muster under Rule 12(b)(6)." Mot. at 4. Oster did not file a brief in opposition.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

## III. DISCUSSION

### A. County of Santa Clara

The Court previously dismissed all of Oster's claims against the County, explaining that

> Plaintiff's claims against the County attempt to establish liability under [*Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658 (1978)] by alleging that the County has created a policy that violates Plaintiff's constitutional rights and that the County failed to adequately screen, train, and supervise its employees, which allowed further violation of Plaintiff's constitutional rights. *See* Compl. ¶¶ 41, 42, 78, 92, 97, 162-64. For example, Plaintiff alleges that "[the County] and their leadership are policymakers whose deliberate choices representing official policy – that was a cause of, and a moving force behind the violation of Plaintiff[']s Constitutional rights." Compl. ¶ 41. Such recitations, without additional factual allegations as to the nature of the policy or the failure to establish training systems, are insufficient to plead a

3

> *Monell* claim. *See Dougherty*, 654 F.3d at 900. To the extent that Plaintiff attempts to plead that an alleged County policy encourages courts to ignore crimes that occur during a divorce proceeding, Plaintiff fails to allege any facts demonstrating that the policy exists or that the County is actually responsible for promulgating this policy. *See* Compl. ¶ 69. Plaintiff has not sufficiently alleged liability under *Monell* and his claims against the County are DISMISSED WITH LEAVE TO AMEND, if Plaintiff is able to plead with sufficient specificity the County's policy. Plaintiff must also allege sufficient facts to support an underlying constitutional violation, which appear to be absent from the current complaint. The Court specifically highlights the County's argument that absent acquittal or dismissal of the pending criminal charges against Plaintiff, Plaintiff is barred from asserting these claims against County Defendants. *See Heck v. Humphrey*, 512 U.S. 477 (1994); County's Mot. 5-6.

MTD Order at 5.

The FAC fails to rectify any of these flaws. Indeed, the only new allegation related to the Oster's claims against the County is that the Moreno Attorneys—the Law Firm of Hector Moreno, the Moreno Family Law Firm, and the Gomez Edwards Law Group—"submitted false testimony in the courts," "made false reports to the police and DA," "advised their client to falsify reports to police," and "used these false allegations to extort property from plaintiff." FAC ¶ 17. "In doing so, [the Moreno Attorneys] acted alongside the State, County, and City agencies acting under the color of law (where they had direct connections) - together violating Plaintiff's Constitutional Rights with deliberate indifference by their actions and omissions." FAC ¶ 17. These new allegations do not establish a claim under *Monell* that the County has created a policy that violates Plaintiff's constitutional rights and that the County failed to adequately screen, train, and supervise its employees, which allowed further violation of Plaintiff's constitutional rights. Nor do the new allegations set out sufficient facts to support an underlying constitutional violation. As the Court emphasized in its previous order, Plaintiff is barred under *Heck* from asserting claims that the County violated his constitutional rights in an ongoing criminal proceeding. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir.2004) (to bring a malicious prosecution claim under section 1983, a plaintiff "must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." (citing *Heck*, 512 U.S. at 484–85)).

The Court declines to provide Plaintiff further leave to amend because amendment would be

futile. There are no additional facts Plaintiff could plausibly plead that would cure the defects in the claims against the County, which are barred by *Heck*. *See, e.g., McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (affirming denial of leave to amend on futility grounds where plaintiffs "could not state cognizable damages claims consistent with *Heck*").

### B. Involuntary Plaintiff Kathia Oster/Portuguez

Oster filed his complaint on behalf of himself and his ex-wife Kathia Oster/Portuguez. FAC ¶¶ 1, 5. The Court is still unaware of any caselaw that would permit Oster to involuntarily bring this case on behalf of his ex-wife. The Court STRIKES all claims related to Kathia Oster/Portugeuz.

## IV. ORDER

The Court DISMISSES WITH PREJUDICE all claims against the County of Santa Clara.[1]

**IT IS SO ORDERED.**

Dated: July 26, 2021

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The only remaining Defendants in this case are Michael Moreno, Hector Moreno, and Marilyn Moreno. While there is no indication that Plaintiff has served these Defendants, the deadline under Fed. R. Civ. P. 4(m) has not yet passed.

5